```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

WILLIAM J. BURFORD,                *
                                                                  *
    Plaintiff,                    *
                                                                 *
vs.                                *  CIVIL ACTION No. 03-00676-BH-B
                                                                 *
JO ANNE B. BARNHART,               *
Commissioner of Social             *
Security,                          *
                                                                 *
    Defendant.                    *

## ORDER

This matter is before the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure on Petitioner's Petition For Authorization of Attorney Fees pursuant to 42 U.S.C. § 406(b) (Doc. 24) and Defendant's Response thereto (Doc. 26). Upon consideration of all pertinent materials contained in this file, it is recommended that the Petition for Authorization of Attorney Fees (Doc. 24) be **GRANTED.**

**I.    Findings Of Fact**

    1.    On August 27, 2002 Plaintiff retained Petitioner, Byron A. Lassiter, attorney at law, to represent him before the Social Security Administration regarding his claim for a period of disability and disability insurance benefits. (Doc. 24 at ¶ 1).

    2.    Plaintiff's claims were denied initially and on July 23, 2002, Administrative Law Judge Frank M. Klinger entered an unfavorable decision. (Id. at ¶¶ 2-3). On August 27, 2002,

Petitioner, on behalf of Plaintiff, timely requested review of ALJ Klinger's decision by the Appeals Council; however, on August 14, 2003, the Appeals Council denied the request and the hearing decision became final.  (Id. at ¶ 3).

3.   On September 23, 2003, Plaintiff entered into a contingency fee agreement with Petitioner which provided that Plaintiff agreed to pay an attorney's fee equal to twenty-five percent (25%) of any accumulated past-due benefits paid to him in the event of the successful prosecution of his claim.  (Id. at Ex. C).

4.   On October 7, 2003, Plaintiff filed this action seeking judicial review of a final decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401-411.  (Doc. 1).

5.   On February 17, 2004, Plaintiff filed his proposed report and recommendation (Doc. 12), and on March 31, 2004, Defendant filed an unopposed motion to remand (Doc. 14).

6.   This action was then referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and on April 1, 2004, the undersigned recommended that this matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings.  (Doc. 15).

7.   On May 5, 2004, Senior United States District Judge W.B.

Hand adopted the report and recommendation, and entered a Rule 58 judgment, reversing and remanding this matter to the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g), making Plaintiff a prevailing party under the Equal Access To Justice Act ("EAJA"), 28 U.S.C. § 2412.  (Docs. 16-17).

    8.   On October 15, 2004, this matter was remanded by the Appeals Council to the Office of Hearings and Appeals for further proceedings.  (Doc. 24 at ¶ 6).  Pursuant to the Orders of the Court and the Appeals Council, a supplemental hearing concerning Plaintiff's claim was held by Administrative Law Judge Klinger on January 30, 2006.  (Id.)  ALJ Klinger subsequently issued a fully favorable decision on March 6, 2006, in which he found that Plaintiff has been disabled since September 2, 2001, and is entitled to benefits under Title II of the Social Security Act. (Id.)

    9.   Petitioner received a copy of Plaintiff's Notice of Award, dated June 25, 2006, which stated that "the lawyer cannot charge you more than $5,300.00 for his or her work[]" and "[w]e are withholding an additional $2,109.25 for payment to your attorney if he is awarded an additional fee from the court."  (Id. at ¶ 8 and Ex. B).  After communicating with the Social Security Administration, Petitioner received confirmation that 25% of Plaintiff's past-due benefits amounted to $7,409.25, such that Plaintiff's past-due benefits amounted to $29,637.00.  (Id.)

10. Petitioner requests that the amount of $2,109.25 be approved as an attorney's fee for legal services rendered to Plaintiff before this Court, which is also be consistent with the agreement reached between Petitioner and Plaintiff. (Doc. 24 at Ex. C). Petitioner states that the administrative attorney fee in the amount of $5,300.00, when added to the amount of $2,109.25 requested in his Petition, totals an attorney's fee request of $7,409.25 – an amount which equals twenty-five percent (25%) of Plaintiff's past due benefits ($29,637.00 X 25% = $7,409.25). (Id. at ¶¶8-9).

11. Petitioner has submitted an itemized statement delineating 14.70 hours spent representing Plaintiff before this Court, as well as sufficiently detailed his representation efforts. (Doc. 24 at Ex. A). As a result of Petitioner's work in federal court, Plaintiff was awarded the substantial amount of $29,637.00 in retroactive benefits. (Id. at 3-7).

12. As noted supra, Petitioner represented Plaintiff on a contingency fee basis. (Id. at Ex. C). Petitioner's customary fee for representing a claimant before this Court is twenty-five percent (25%) of the accumulated retroactive benefits awarded to Plaintiff in the event of the successful prosecution of the claim. (Id.) The amount requested, $2,109.25, when added to the $5,300.00 fee previously awarded by the Administration, is not more than twenty-five percent (25%) of Plaintiff's past due benefits of

$29,637.00.

13.  On December 27, 2006, Defendant filed its response to Petitioner's authorization for contingency fees, stating that it agreed with Petitioner that an award of attorneys' fees in the amount of $2,109.25, pursuant to Section 406(b), is reasonable in light of the fee agreement with Plaintiff and the services rendered in representing Plaintiff in this action.  (Doc. 26).

**II.  Conclusions Of Law**

    **A.  Governing Law**

Section 206(b) of the Social Security Act, codified at 42 U.S.C. § 406(b), provides that when a court renders a favorable judgment to a Social Security claimant "[w]ho was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).[1]  Section 406(b) "does not invalidate all contingent fee arrangements--it merely sets their upper limit--and because such arrangements effectuate congress's objective of securing adequate representation for social security claimants, a requested fee based on a contingent fee arrangement should be

---

[1] "When a claimant receives a favorable administrative decision following a remand of a case by the district court to the Secretary, the district court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1)."  Rohrich v. Bowen, 796 F.2d 1030, 1031 (8th Cir. 1986) (citations omitted).

enforced unless the court finds it to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).

The Eleventh Circuit previously applied the "lodestar method," under which the number of hours reasonably devoted to the action was multiplied by a reasonable hourly fee, to be the starting point and centerpiece for the courts in calculating reasonable Section 406(b) fees. The existence of a contingent-fee agreement was just one of a number of factors to be considered in adjusting the lodestar amount upward or downward. Kay v. Apfel, 176 F.3d 1322, 1324-1327 (11th Cir. 1999), abrogated by Gisbrecht v. Barnhart, 535 U.S. 789 (2002). In Gisbrecht, the Court held that Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead [the section] instructs courts to review for reasonableness fees yielded by those agreements." Gisbrecht, 535 U.S. at 809. Gisbrecht specifically rejected the lodestar method of determining fees, stating that it is "unlikely that Congress, legislating in 1965, and providing for a contingent fee tied to a 25 percent of past-due benefits boundary, intended to install a lodestar method courts did not develop until some years later." Id. at 805-806. The Court then stated as follows:

> . . . . Most plausibly read, we conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. [] Congress has provided one boundary line: Agreements are unenforceable to the

6

>   extent that they provide for fees exceeding 25 percent of
>   the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp.
>   V). [] Within the 25 percent boundary, as petitioners in
>   this case acknowledge, the attorney for the successful
>   claimant must show that the fee sought is reasonable for
>   the services rendered . . . .

Id. at 807 (footnotes omitted).

In Gisbrecht, the Court did not specifically delineate the factors that district courts should consider when determining the reasonableness of the contingency fee arrangement, but did cite, with approval, an approach used to evaluate reasonableness by several circuits:

>   Courts that approach fee determinations by looking first
>   to the contingent-fee agreement, then testing it for
>   reasonableness, have appropriately reduced the attorney's
>   recovery based on the character of the representation and
>   the results the representative achieved . . . . If the
>   attorney is responsible for delay, for example, a
>   reduction is in order so that the attorney will not
>   profit from the accumulation of benefits during the
>   pendency of the case in court . . . . If the benefits are
>   large in comparison to the amount of time counsel spent
>   on the case, a downward adjustment is similarly in order
>   . . . . In this regard, the court may require the
>   claimant's attorney to submit, not as a basis for
>   satellite litigation, but as an aid to the court's
>   assessment of the reasonableness of the fee yielded by
>   the fee agreement, a record of the hours spent
>   representing the claimant and a statement of the lawyer's
>   normal hourly billing charge for noncontingent-fee cases
>   . . . . Judges of our district courts are accustomed to
>   making reasonableness determinations in a wide variety of
>   contexts, and their assessments in such matters, in the
>   event of an appeal, ordinarily qualify for highly
>   respectful review.

Gisbrecht, 535 U.S. at 808 (citations omitted).  From this, it appears that the Supreme Court intends that the lower courts give great deference to the contingency fee arrangement, and uphold such

arrangements unless the fees produced by them are found to be unreasonable.  A contingent fee arrangement is unreasonable where the contingency percentage is over the 25 percent cap, where there is evidence of fraud or overreaching in making the agreement, or where the requested amount is so large as to be a windfall to the attorney.  <u>Wells</u>, 907 F.2d at 372.  Factors that may be considered in reviewing for reasonableness include: 1) the character of representation; 2) the result achieved by the attorney; 3) any delay caused by the attorney; 4) the amount of benefits relative to the time spent on the action such that the attorney receives a windfall; 5) fraud or overreaching in making the agreement; and 6) the requested fee does not exceed 25 percent of past-due benefits.  <u>Gisbrecht</u>, 583 U.S. at 808-809.

**B.  <u>Discussion</u>**

Petitioner has presented an itemized statement showing that 14.70 hours were spent on this case pursuing Plaintiff's claim in federal court, and requests an award of $2,109.25, which represents the balance remaining of twenty-five percent (25%) of back benefits in the amount of $29,637.00 awarded to Plaintiff.  (Doc. 24 at Ex. A).  A review of the Petition for Authorization for Attorney's Fees, supporting documentation, and the file, all reflect that Petitioner has represented Plaintiff since September 23, 2003, and has been successful in obtaining past due benefits for him.  (<u>Id.</u>)  While the record is devoid of any evidence or argument that this

case involved any novel or difficult questions of law or fact, Petitioner presented sufficient evidence to convince the Court that the agency's unfavorable decision should be remanded for further proceedings, and on remand, obtained a fully favorable decision on Plaintiff's behalf following a supplemental hearing before the ALJ. Additionally, according to Petitioner, he has successfully prosecuted numerous cases on behalf of Social Security claimants, and his experience increased the likelihood of a favorable outcome for Plaintiff. (Doc. 24). Moreover, the Commissioner does not objects to the amount requested. (Doc. 27). Further, the undersigned finds that the total fee requested does not exceed twenty-five percent (25%) of the past-due benefits and comports with Plaintiff's contingent fee agreement with Petitioner. Therefore, upon consideration of the foregoing, the undersigned finds that the requested fee of $2,109.25 is not so large as to be a windfall and is reasonable for the services rendered.

## III.  Conclusion

Accordingly, the undersigned recommends authorization of attorney's fees, to Petitioner, in the amount of **$2,109.25** as a reasonable fee for services rendered before this Court, said amount representing the remaining balance of twenty-five percent (25%) of the total past-due benefits of **$29,637.00** awarded Plaintiff.[2]  The

---

[2] While the Defendant asserts in its Response that $1.00 was incorrectly added to the attorney's fee amount, no such error exists. 25% of Plaintiff's past-due benefits of $29,637.00 minus the $5,300.00

9

undersigned further recommends entry of an Order directing Petitioner to disburse to Plaintiff the sum of **$1,837.50,** which was previously awarded pursuant to the EAJA.[3]

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **3rd** day of **January, 2007.**

   /s/ SONJA F. BIVINS   
**UNITED STATES MAGISTRATE JUDGE**

---

administrative attorney fee, totals $2,109.25.  Additionally, $2,109.25 is the amount set forth by the Social Security Administration.  (Doc. 24 at Ex. B at 2).

   [3]When an attorney obtains a fee award under the EAJA, and subsequently obtains a fee award under the Social Security Act, the attorney must return the smaller of the two to the plaintiff.  See Section 206 of Pub. L. No. 96-481, as amended by Pub. L. No. 99-80, § 3, Aug. 5, 1985, 99 Stat. 186, which states as follows:

> (b) Section 206(b) of the Social Security Act [42 U.S.C. § 406(b)] . . . shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code.  Section 206(b) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.